CITY OF DETROIT v WAYNE CIRCUIT JUDGE

1. COURTS—COURT OF APPEALS—SUPERINTENDING CONTROL.

    A writ of superintending control should not issue against the Presiding Judge of the Third Judicial Circuit, the Wayne County Sheriff, and a District Judge of the 17th District at the instance of the City of Detroit to prevent placement of persons detained for trial or sentence in the Detroit House of Correction where it appears that there was an agreement between agents of the city and county for such placement, the terms of the agreement were not exceeded by defendants, and a statute authorizes such an agreement (MCLA 802.8a).

2. COURTS—COURT OF APPEALS—JURISDICTION—SUPERINTENDING CONTROL—DETROIT HOUSE OF CORRECTION.

    The Court of Appeals has jurisdiction to issue an order for superintending control in a case where the plaintiffs City of Detroit, Detroit House of Correction, and its superintendent are seeking to prevent placement of persons detained for trial or sentence in the Detroit House of Correction by the defendants, Presiding Judge of the Third Judicial Circuit, District Judge of the 17th District Wayne County, and the Wayne County Sheriff, if the factual situation were in favor of the plaintiffs' cause (GCR 1963, 711.1–711.4[1]).

Original action in the Court of Appeals. Submitted Division 1 January 4, 1973, at Detroit. (Docket No. 11230.) Decided May 22, 1973.

Complaint by the City of Detroit, the Detroit House of Correction, and William H. Bannan, Superintendent, against Joseph A. Sullivan, Presiding Judge of the Third Judicial Circuit, Richard D. Dunn, District Judge of the 17th District,

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children §§ 32, 33.

    60 Am Jur 2d, Penal and Correctional Institutions § 3 *et seq.*

Wayne County, and William Lucas, Wayne County Sheriff, for a writ of superintending control to prevent placement of persons detained for trial or sentence in the Detroit House of Correction. Complaint dismissed. Plaintiffs appealed to the Michigan Supreme Court. Reversed and remanded to the Court of Appeals. Writ denied.

*Michael M. Glusac,* City of Detroit Corporation Counsel, and *John E. Cross* and *Thomas J. O'Dowd,* Assistants Corporation Counsel, for plaintiffs.

*Francis B. Crowley,* Judicial Assistant, Wayne Circuit Court, for defendant Presiding Judge.

*Aloysius J. Suchy,* Wayne County Corporation Counsel, and *David R. Kaplan,* Assistant Corporation Counsel, for defendants district judge and sheriff.

Before: V. J. BRENNAN, P. J., and T. M. BURNS and ADAMS,* JJ.

V. J. BRENNAN, P. J. Plaintiffs, the City of Detroit, the Detroit House of Correction and William Bannan, Superintendent, seek a writ of superintending control over defendants, Joseph A. Sullivan, Presiding Judge of the Third Judicial Circuit, Richard D. Dunn, District Judge, and William Lucas, Wayne County Sheriff, to prevent placement of persons detained for trial or sentence in the Detroit House of Correction. This case was previously before another panel of the Court. On March 10, 1971, that panel dismissed the complaint for lack of jurisdiction. On April 16, 1971, the Michigan Supreme Court reversed and re-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

manded to this Court for a hearing on the merits. 384 Mich 829.

This case arises out of efforts to relieve congestion in the Wayne County jail. It was suggested that some "non-dangerous" criminal defendants awaiting trial or sentencing, usually housed in the Wayne County jail, be housed instead in unused portions of the Detroit House of Correction. MCLA 802.8a; MSA 28.1818(1) specifically provides for this:

"The board of county commissioners of any county having a population of 500,000 or more may enter into an agreement with the common council of the city of Detroit, or with any authorized agent or officer on behalf of the city and the common council of the city of Detroit or any authorized agent or officer of the city so authorized *shall have the authority to enter into an agreement with a county whereby the Detroit house of correction is authorized to receive and keep in custody any person detained in custody and awaiting trial or sentence pursuant to court order.* The agreement shall provide that the county shall pay all reasonable expenses incurred by the city for such custodial incarceration." (Emphasis added.)

The negotiations between the city and county broke down without a written agreement having been signed. This case arises directly out of an order entered on February 16, 1971, by a judge of the Wayne County Circuit Court that two criminal defendants be held pending trial in the Detroit House of Correction.

The plaintiffs' complaint for an order of superintending control should be dismissed.

It is apparent that the only issue extant is whether there was an agreement between the parties to house 12 prisoners in the Detroit House of Correction.

There are several factors which call for this action of dismissal:

1. MCLA 802.8a provides that the board of commissioners must make an agreement with the city.

2. The plaintiffs in their brief admit the following:

"Upon a review of the security section of the correctional institution and after some preliminary discussions, the plaintiffs in a spirit of cooperation, *agreed* that they could safely and in a humane way, receive and keep in custody 12 nonconvicted persons. These persons were to be housed in a cell block section and separated from convicted prisoners." Plaintiffs' brief, p 2.

3. The plaintiffs and the defendants both seem to agree that at a meeting on February 22, 1971, the defendants accepted the plaintiffs' offer to house the 12 nonconvicted persons.

4. The plan was apparently agreed to by Frank Wilkerson, Assistant Administrator of the Wayne County jail, an agent of the county.

5. Only 11 prisoners had been sent to the Detroit House of Correction under this plan.

6. The county paid for the reasonable expenses of those prisoners incarcerated at the Detroit House of Correction under this program.

Therefore, it appears that there was an agreement between the parties to implement such a plan and that this plan in fact did become operational, and none of the conditions of the agreement have been breached by the defendants.

Since the defendants did not act in excess of their jurisdiction, that is, beyond the terms of the agreement, a writ of superintending control should not issue from this Court.

As to the jurisdiction of this Court to issue such

an order for superintending control, if the factual situation were in favor of the plaintiffs' cause, then this Court would in fact have jurisdiction to issue such an order. GCR 1963, 711.1–711.4(1).

Writ denied.

All concurred.